IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STATE OF MARYLAND            *
         Plaintiff,
    v.                                    *  CIVIL ACTION NO. ELH-18-100

DONALD REMBOLD          *
         Defendant.
                                         *****

**MEMORANDUM**

On January 5, 2018, Donald G. Rembold, a state prisoner confined at the Maryland Correctional Training Center, filed a Notice of Removal of a case he initiated in the Circuit Court for Harford County. ECF 1.[1] In effect, Rembold seeks to remove to this Court his State collateral review action, a post-conviction petition, as to his convictions in Harford County, Maryland.

**I. Background**

In order to gain some perspective on the removal, it is helpful to examine Rembold's State criminal case and prior federal filings.[2]

A review of the State court docket shows that in March 2014, Rembold was indicted in the Circuit Court for Harford County. In July 2016, he was found guilty of two counts of sexual abuse of a minor *See State v. Rembold.,* Case No. 12K140000396 (Cir. Ct. for Harford. Co.).[3] Rembold's

---

[1] The notice of removal was assigned to a Northern Division Judge, even though Rembold's earlier cases had been assigned to Judges Grimm and Chuang in the Southern Division. This is because the subject matter of the case *sub judice* concerns a matter transferred from a State court in Harford County, Maryland.

[2] This court may take judicial notice of matters of public record. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015); *Phillips v. Pitt. Cty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[3] Rembold was also indicted in another case in Harford County. *See State v. Rembold.*, Case No. 12K140000397 (Cir. Ct. for Harford. Co.). Those charges were nolle prossed.

appeals were noted and his convictions were affirmed by Maryland's intermediate appellate court on August 3, 2017. There is no formal reference to the filing of a post-conviction petition on the State court docket.[4]

With regard to Rembold's recent filing in this court, on October 16, 2017, he filed a "Petition For Writ Of Habeas Corpus[and] Motion For Temporary Restraining Order And Preliminary Injunction." *See Rembold v. Dovey*, Civil Action No. TDC-17-3023 (D. Md.). Rembold noted that he had filed a petition for post-conviction relief in the Circuit Court for Harford County on May 30, 2016, and claimed that the petition was "suppressed" by the clerk, in violation of his federal and State rights to due process. ECF 1 at 1. He also claimed that neither the State's Attorney nor the Public Defender responded, as required by Maryland Rule 4-404 and Rule 4-403. *Id.* at 1-2. He seeks to compel the Circuit Court for Harford County to act on his petition. *Id.*, ECF 1. That case is pending before Judge Chuang.

## II. Discussion

A petition for post-conviction relief filed in the Maryland courts is a collateral and civil proceeding. It is not an appeal from the judgment, but rather a "collateral attack designed to address alleged constitutional, jurisdictional, or fundamental violations that occurred at trial." *Mosley v. State*, 378 Md. 548, 560-61, 836 A.2d 678, 685 (2003).

In his Notice of Removal, Rembold offers no jurisdictional basis for removing his post-conviction petition to this court. Presumably, he is dissatisfied with the pace of review of his post-

---

[4] A State court docket entry of July 15, 2016, reflects that three black binders, including Rembold's two criminal cases and his post-conviction, were sent to the Maryland Court of Special Appeals. *See State v. Rembold,* Case No. 12K140000396 (Cir. Ct. for Harford. Co.), Docket No. 102.

conviction petition in the State court.

Title 28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction , may be removed by the defendant or the defendanrs, to the district court of the United States for the district and division embracing the place where such action is pending.

Title 28 U.S.C. § 1447(c) provides:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

Section 1446(a) provides:

A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

Courts are required to construe removal statutes narrowly, *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941). This is because "the removal of cases from state to federal court raises significant federalism concerns." *Barbour v. Int'l Union,* 640 F.3d 599, 605 (4th Cir. 2011) (abrogated in part on other grounds by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63, 125 Stat. 758 (Dec. 7, 2011)). A civil action filed in state court may be removed to federal court if it is one over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). The burden of demonstrating jurisdiction and propriety of removal rests with the

removing party. *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 815 (4th Cir. 2004); *see also McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010); *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010). Therefore, "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

"Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock,* 313 U.S. at 108–09). Indeed, a federal court "should construe removal statutes narrowly, [with] any doubts...resolved in favor of state court jurisdiction." *Barbour,* 640 F.3d at 617; *see also Cohn v. Charles*, 857 F.Supp.2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court.").

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005). Further, a federal court must presume that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). A federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006).

It is a hornbook principle of federal jurisdiction that "for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the

4

petition for removal is filed. The federal question presented cannot exist merely as a matter of defense or as a counterclaim." *See* 14 C. Wright & A. Miller, Federal Practice and Procedure § 3722, at 557; *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 326-27 (5th Cir. 1998); *Metropolitan Life Ins. Co. v. Balinas,* 2002 WL 1298774, at *3 (E.D. La. June 10, 2002).

Rembold did not provide a record of the underlying State court proceeding, as required for removal. *See* 28 U.S.C. § 1446. And, I am satisfied that this court has no jurisdiction over the State post-conviction proceeding that he filed in a State circuit court.

Rembold has also failed to show that he is unable to enforce his federal rights in the Maryland court. *See Schaefgen v. O'Sullivan*, 2015 WL 4572238, *5 (D. Md. 2015). Indeed, a party to a state court proceeding is ordinarily able to raise objections in the state proceeding on the basis of applicable federal constitutional provisions. "'Under our system of dual sovereignty . . . state courts have inherent authority, and are thus *presumptively competent*, to adjudicate claims arising under the laws of the United States.'" *Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012) (quoting *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990)).

### III. Conclusion

In light of the above, I conclude that Rembold is precluded from removing his post-conviction petition to this federal district court. He has not met his burden to demonstrate that jurisdiction is proper. Therefore, the case shall be remanded to the State court.[5]

---

[5] To the extent that Rembold is seeking federal review over his Maryland convictions, he may file a 28 U.S.C. § 2254 habeas corpus petition. The court offers no opinion as to the merits of such a case, including as to issues concerning exhaustion.

An Order follows.

Date: January 25, 2018          /s/
                          Ellen L. Hollander
                          United States District Judge